UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:24-cr-00123 JLT SAB |
| Plaintiff, | ORDER REJECTING IMPROPER UNSIGNED HABEAS PETITION FILED BY PRO SE NEXT FRIEND |
| v. | |
| CARLOS JESUS JORDAN LOPEZ, | (Doc. 41) |
| Defendant. | |

Carlos Jesus Jordan Lopez is serving a ten-year term of imprisonment imposed on March 20, 2025, following his plea of guilty to one count of possession with intent to distribute 400 grams or more of Fentanyl and five kilograms or more of Cocaine, in violation of 18 U.S.C. § 841(a)(1). (Docs. 25, 31, 40.) Defendant's plea agreement contained a waiver of the right to appeal and/or collaterally attack his plea, conviction, or sentence, with an exception for non-waivable claims. (Doc. 25 at 8.)

On March 27, 2026, the Court received an unsigned document indicating that it was prepared by Yance Lacsina a "Friend of Defendant" on March 23, 2026. (Doc. 41.) The document is titled "Final Motion Under 28 U.S.C. § 2255,"and was filed in as a motion for a writ of habeas corpus under § 2255. (*Id*.)

The filing, which attempts to bring at least one claim of ineffective assistance of counsel,

1

is improper for several reasons. First, it is unsigned in violation of this Court's Local Rules.[1] *See* E.D. Cal. Local Rule 190 (habeas petitions "shall be signed under penalty of perjury"). In addition, although the federal habeas corpus statute permits a "next friend" to pursue a habeas action on behalf of another in certain circumstances, *see* 28 U.S.C. § 2246, the statute does not authorize the "next friend" to proceed without an attorney. *See Argueta-Guevara v. Johnson*, No. 1:26-CV-2161 DAD CSK, 2026 WL 818714, at *1 (E.D. Cal. Mar. 25, 2026) (citing *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"). Thus, the Court cannot accept the filing in its current form.

For these reasons, the Clerk of Court is directed to terminate the § 2255 motion and to again close this case.

IT IS SO ORDERED.

Dated:    **April 10, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Local Rules are available at: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/